# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITES STATES POSTAL SERVICE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. _____ |
| | * | |
| CHILD SUPPORT SERVICES OF | * | |
| ATLANTA, INC., and it dba various names | * | |
| which include Child Support as a part of | * | |
| the name, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR TEMPORARY RESTRAINING ORDER
## AND APPLICATION FOR PRELIMINARY INJUNCTION

The United States Postal Service files this Memorandum of Law in Support of Application for Temporary Restraining Order and Application for Preliminary Injunction, and respectfully shows the Court the following:

**I.**

**INTRODUCTION**

Sufficient evidence exists to support the conclusion that Defendant Child Support Services of Atlanta, Inc. individually and d/b/a Child Support Services (collectively CSS) are currently soliciting funds through the United States mail by means of false representations. To prevent the continuation of this fraudulent scheme, the United States Postal Service (Postal Service) has filed an administrative complaint pursuant to 39

U.S.C. § 3005.  A copy of the administrative complaint is attached to the Complaint in this case.

The Postal Service has no authority, without a court order, to detain or return mail before the conclusion of the § 3005 administrative proceeding. However, it is entitled to apply to this Court for a Temporary Restraining Order and a Preliminary Injunction under 39 U.S.C. § 3007, which authorizes detention of all incoming mail responding to CSS's false representations, pending completion of the administrative process.  Without an order under § 3007, the Postal Service is only authorized to detain mail and to return mail to those responding to a false billing scheme after the conclusion of the administrative proceeding. Moreover, the Postal Service does not have authority as part of the § 3005 proceeding to compel refunds to the victims of a Defendant's scheme.

Under § 3007, this Court need only find that there is a likelihood of success on the merits of the § 3005 administrative proceeding in order to issue the requested equitable relief. If the Court does not award the requested relief under § 3007, CSS  will continue to reap the profits of its unlawful conduct until the administrative process is completed.

**II.**

**STATEMENT OF FACTS IN SUPPORT OF § 3007 INJUNCTION**

Plaintiff respectfully refers the Court to the Complaint and all its Components for a full recitation of the facts on which it proceeds.

## III.

## ARGUMENTS AND AUTHORITIES

A.  **To Obtain Authorization of Detention of Incoming Mail, the Postal Service Must Prove Likelihood of Success on Merits in § 3005 Proceeding.**

Under 39 U.S.C. § 3005, the Postal Service, after conducting an administrative proceeding, can detain and return to sender the incoming mail of a promoter, but only after it prevails against the promoter for operating a false representations scheme. 39 U.S.C. § 3005(a). *See also* 39 C.F.R. Part 952.

An administrative proceeding under § 3005 is time-consuming. *See* S. Rep. No. 225, 98th Cong., 2d Sees., reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3540 ("the required administrative proceedings [pursuant to § 3005] entail considerable delay"). While the matter is pending, the Postal Service has no means to stop a promoter from receiving money through the mail. Moreover, the Postal Service has no authority to compel a promoter to refund money to members of the public once the proceeding is over.

To protect consumers from losing their money permanently, Congress has empowered the district court in any district in which mail is sent or received as part of the alleged scheme or device to issue a temporary restraining order and preliminary injunction detaining the mail while a § 3005 proceeding is pending, pursuant to the procedural requirements of Rule 65 of the Federal Rules of Civil Procedure. Child Support Services sends mail from and receives mail at addresses in Lake Park, GA,

which is located in the Middle District of Georgia. The district court is to award such relief "upon a proper showing of . . . proof of a likelihood of success on the merits of the proceedings under Section 3005." 39 U.S.C. § 3007(a). To the extent that the § 3007(a) remedy may create some degree of hardship to the Defendant, such hardship is far outweighed by the benefit gained by the general public. *See United States Postal Service v. Beamish*, 466 F.2d 804, 807 (3d Cir. 1972) (upholding an injunction issued under § 3007 "in view of the potential number of customers irretrievably affected by Defendant's misleading advertisements).

To issue an injunction pursuant to § 3007, this Court must conclude that there is proof of a likelihood of success on the merits of the proceedings under § 3005: that is, that there is a proper showing that the Defendants are engaged in conducting a scheme or device for obtaining money or property through the mail by means of false representations.

The Bouer Affidavit and its Exhibits demonstrate the Postal Service will prove that Defendants are operating a false representations scheme using the U.S. mails for the purpose of defrauding individuals. The administrative complaint properly alleges and supports the conclusion that Defendants have violated § 3005. The statutory prerequisites for entry of a § 3007 injunction have been met.

Section 3007 dictates that, upon a proper showing, the court shall enter an order that directs the detention, by the Postmaster in any and all districts, of the Defendants'

incoming and outgoing mail which is the subject of § 3005 proceedings. 39 U.S.C. § 3007. It also provides that the order shall remain in effect during the pendency of the statutory proceedings, any judicial review of such proceedings, or any action to enforce orders issued under the proceedings. The showing necessary is that the language of the false representations was reasonably calculated to cause persons of ordinary prudence and comprehension to be deceived. *USPS v. Allied Treatment, Inc.*, 730 F.Supp. 738 (N.D.Tex. 1990); and *USPS v. Outpost Development Corp.*, 369 F.Supp. 399 (C.D.Cal. 1973) *aff'd (without opinion)* 414 U.S. 1105, 94 S.Ct. 832, 38 L.Ed.2d 733.

**B.     Section 3007 Does Not Require Proof That the Public Will Suffer Irreparable Harm.**

Section 3007 authorizes this Court to issue a temporary restraining order and a preliminary injunction "pursuant to rule 65 of the Federal Rules of Civil Procedure . . . . upon a showing of proof of the likelihood of success on the merits of the proceeding under Section 3005". Although an applicant for injunctive relief under Rule 65 ordinarily must show that it will suffer irreparable injury if the Defendant is not enjoined, the courts have uniformly held that the "irreparable injury" standard governing traditional equitable remedies does not apply to statutory injunctions issued pursuant to § 3007. *USPS v. Athena Products, Ltd.*, 654 F.2d 362 (5th Cir. 1981) *reh. den.* 660 F.2d 499, *cert. den.* 456 U.S. 915, 102 S.Ct. 1768, 72 L.Ed.2d 173; *USPS v. Beamish,* 466 F.2d 804 (3d Cir. 1972); *USPS v. Yellow Page Directory Publishers, Inc.*, 420 F.Supp.2d 1363 (N.D.Ga. 2006); *USPS v. Allied Treatment, Inc.*, 730 F.Supp. 738 (N.D.Tex. 1990); *USPS v. Stimpson*, 515 F.Supp. 1149 (N.D.Fla. 1981); *USPS v. Oriental Nurseries, Inc.*, 491 F.Supp. 1265 (S.D.Fla. 1980); and *USPS*

*v. International Term Papers, Inc.*, 351 F.Supp. 76 (D.Mass. 1972) *vacated on other grounds* 477 F.2d 1277.

Reference in 39 U.S.C. § 3007 to Rule 65 is intended merely to delineate the procedural mechanics applicable to a hearing on probable cause, the notice requirements and the form of any resulting order, and not to incorporate the common law standard of irreparable harm set out in the Rule. *USPS v. Beamish*, 466 F.2d 804 (3d Cir. 1972); and *USPS v. International Term Papers, Inc.*, 351 F.Supp. 76 (D.Mass. 1972) *vacated on other grounds* 477 F.2d 1277.

The absence of an "irreparable harm" requirement from § 3007 is fully consistent with the general rule that irreparable harm is presumed in injunctive actions brought by the United States under statutes principally intended to protect the public. *See, e.g., Government of the Virgin Islands Dept. of Conservation and Cultural Affairs v. Virgin Islands Paving, Inc.*, 714 F.2d 283, 286 (3d Cir. 1983) ("when a statute contains, either explicitly or implicitly, a finding that violations will harm the public, the courts may grant preliminary equitable relief on a showing of a statutory violation without requiring any additional showing of irreparable harm"); *United States v. Siemens Corp.*, 621 F.2d 499, 506 (2d Cir. 1980).

C. **Requisite Proof of Likelihood of Success on Merits of § 3005 Proceedings Exists If Defendant's Advertisements Convey False Representations to the <u>Ordinary, Unsuspecting Reader Through Statements or Implications.</u>**

In § 3005 cases, courts first determine what representations an advertisement makes and whether these representations are false. *See, e.g., Unique Ideas, Inc., v. United States Postal Service*, 416 F. Supp. 1142, 1145 (S.D.N.Y. 1976). In determining

whether a Defendant's solicitations contain false representations, they must be judged by their effect on "ordinary minds," the "trusting as well as the suspicious." *Donaldson v. Read Magazine, Inc.*, 333 U.S. 178, 189 (1948). They must also be viewed in their entire context. Judging a solicitation as a whole requires consideration not only of what it states, but also what it reasonably implies. *U.S. Postal Service v. Allied Treatment, Inc.*, 730 F. Supp. 738, 739 (N.D. Tex. 1990). A court must consider the implications of a solicitation because it "may be completely misleading" even if "every sentence separately considered is literally true." *Donaldson v. Read Magazine*, *supra* 333 U.S. at 188. The central principle set forth by the Supreme Court in *Donaldson* is that a court must consider the overall message of an advertisement and its effect on the average, unwary person**.**

**D.    Sufficient Evidence Exists to Show a Likelihood of Success on the Merits Under the § 3005 Proceeding**.

    **1.    Child Support Services Makes the Misrepresentations As Alleged In the Administrative Complaint**.

CSS conducts a deceptive scheme by using telemarketers to solicit custodial and non-custodial parents to enroll in their service by executing an "Exchange Agreement to Collect Child Support." They are falsely lead to believe CSS is associated with a state agency; they are authorized to collect payments from parents who are delinquent in paying child support; a significant amount of the money collected will go to pay child support; the fees collected by CSS are required by law or regulation and are reasonable;

and Child Support Services can have persons not paying the child support payment arrested. It is clear from a review of Inspector Bouer's Affidavit and Exhibits CSS and their employees make the representations alleged in the administrative complaint.

**2.      Child Support Services' Representations Are False and Material**.

The representations made by CSS's employees are false and material. The custodial and non-custodial parents rely on statements made by employees to make a decision to use the services offered by CSS. The representations listed in the administrative complaint and referred to in the above paragraph are false. CSS is a for profit business and is not associated with any state agency. They are not authorized by law to collect payments from parents who are delinquent in paying child support nor are they authorized to have persons arrested for not paying child support. The fees and commissions charged and collected by CSS are not required by law or regulation and are not reasonable. A significant amount of the money collected by CSS does not go to pay child support.

**IV.**

**CONCLUSION**

The facts and law demonstrate that the Postal Service has established that there is a likelihood of success on the merits of the administrative proceeding under § 3005. Accordingly, pursuant to 39 U.S.C. § 3007, this Court should order, through entry of a Temporary Restraining Order and subsequently a Preliminary Injunction, the immediate

detention of Child Support Services' incoming mail while the administrative proceeding is pending in order to protect the public.

During the pendency of such order, the Postal Services agrees to provide Defendants with supervised access to examine the detained mail. After such examination by Defendants, the Postal Service agrees to release all mail clearly not related to the §3005 administrative proceeding.

Respectfully submitted,

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY
ATTORNEY FOR PLAINTIFF

By:  s/STEWART R. BROWN
Assistant United States Attorney
Georgia State Bar # 089650
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Ga. 31202-1702
Telephone: (478) 621-2690
Facsimile: (478) 621-2737