IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
2009 SEP 16 AM 10 36

*B. Littleton*
DEPUTY CLERK

| | | |
|---|---|---|
| UNITES STATES POSTAL SERVICE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 7:09-CV-111 (WLS) |
| | * | |
| CHILD SUPPORT SERVICES OF ATLANTA, INC., and it dba various names which include "Child Support" as a part of the name, | * | |
| | * | |
| Defendant. | * | |

PRELIMINARY INJUNCTION

Before the Court is the Complaint for Temporary Restraining Order and Injunctive Relief of Plaintiff, the United States Postal Service, set for a hearing on the issuance of a Preliminary Injunction. The Court, having reviewed the Complaint and all Components thereof, Memorandum of Law in Support thereof, satisfactory evidence, and the proposed Preliminary Injunction submitted by the Plaintiff, finds:

The Postal Inspector specially appointed to serve the complaint and process in this case, including the Temporary Restraining Order scheduling this hearing on Defendant's application for a Preliminary Injunction, successfully accomplished service on the 9th day of September, 2009, by serving Mark Simpson, manager of the Defendant's principal place of business, by delivering service copies to a person of suitable age and discretion who resides in the dwelling and usual place of abode of the said Mark Simpson.

The United States Postal Service (USPS) has filed an administrative complaint against the Defendant in this matter under 39 U.S.C. § 3005, a true and correct copy of which is made a part of the Complaint in this case. The USPS lacks authority to withhold mail from the

Defendant during the pendency of the administrative proceedings without a court order. The USPS has made a proper showing of a likelihood of success on the merits in the administrative proceeding and of its ability to prove that the Defendant is engaged in conducting unlawful activity through the mails and a scheme or device for obtaining money or property through the mail by means of false representations in violation of 39 U.S.C. § 3005 and will continue to do so unless enjoined by Order of this Court maintaining the status quo. The Court should issue a Preliminary Injunction herein under 39 U.S.C. § 3007. Therefore, it is,

**CONSIDERED, ORDERED AND ADJUDGED** that a Preliminary Injunction shall be, and it hereby is, issued, effective with the termination of the Temporary Restraining Order entered in this case on September 8, 2009, directing the USPS and all of its postmasters to detain the Defendant's incoming mail addressed to:

(a) P.O. Box 1712
Carson City, NV 89702-1712

(b) P. O. Box 2949
Birmingham, AL 35202-3804

(c) P. O. Box 535
Jackson, MS 39205-0535

(d) P. O. Box 87120
Atlanta, GA 30337-0120

(e) P. O. Box 292231
Nashville, TN 37229-2231

(f) P. O. Box 1118
Tallahassee, FL 32302-1118

(g) P. O. Box 31104
Raleigh, NC 27622-1104

(h) P. O. Box 88297
Carol Stream, IL 60188-0297

(i) P. O. Box 12721
Columbia, SC 29211-2721

(j) P. O. Box 8753
Albany, NY 12208-0753

(k) P. O. Box 662
Harrisburg, PA 17108

(l) P. O. Box 26395
Wilmington, DE 19899-6395

(m) P. O. Box 520
Lake Park, GA 31636-0520

(n) P. O. Box 15191
Sacramento, CA 95851-0191

during the pendency of the administrative proceedings against the Defendant under 39 U.S.C. § 3005 and any judicial review thereof.

**IT IS FURTHER ORDERED** that the detained mail may be examined by the Defendant under the supervision of the USPS and that such detained mail that is clearly not connected with the alleged unlawful activity complained of in the aforementioned Administrative Complaint or in these proceedings, or which represents requests for refunds, shall be delivered to the Defendant.

**IT IS FURTHER ORDERED** that this Preliminary Injunction will remain in force and effect throughout the proceedings in the administrative complaint against the Defendant, unless sooner modified or terminated by the Court. Upon the conclusion of the said administrative proceeding, Defendant shall so notify the Court, whereupon the Court will enter an Order dissolving the within Preliminary Injunction as the final step to conclude the within case. If Defendant has not made an appearance to the time of the entry of this Preliminary Injunction, it shall be served upon Defendant by the Postal Inspector specially appointed to accomplish service in this case, Sheryl J. Bouer, by any means of service allowed for under Rule 4 of the Federal Rules of Civil Procedure.

**SO ORDERED,** this 16th day of September, 2009.

_____
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA